Maria Luisa **BRAN–DELCID,**
Petitioner,

v.

John **ASHCROFT,** Attorney
General, Respondent.

No. 03–71313.

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2004.*

Decided June 22, 2004.

Wayne Spindler, Esq., Encino, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Colette J. Winston, U.S. Department of Justice, Washington, DC, for Respondent.

Before: HALL, LEAVY, and FISHER, Circuit Judges.

MEMORANDUM **

Maria Luisa Bran–Delcid, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") decision denying her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence. *Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995). We deny the petition for review in part, and dismiss in part.

Substantial evidence supported the IJ's denial of Bran–Delcid's asylum application because Bran–Delcid did not establish that the incidents that occurred in Guatemala in August 1991 were on account of her political opinion or any other statutorily-protected ground. *See Navas v. INS,* 217 F.3d 646, 655–56 (9th Cir.2000). Bran–Delcid also failed to show a well-founded fear of future persecution if she returned to Guatemala because she did not overcome evidence of changed country conditions. *See Molina–Estrada v. INS,* 293 F.3d 1089, 1095–96 (9th Cir.2002).

Because Bran–Delcid failed to establish eligibility for asylum, she necessarily failed

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

to meet the "more stringent" standard for withholding of removal. *Al–Harbi v. INS,* 242 F.3d 882, 888 (9th Cir.2001).

Bran–Delcid's contention that her case should be remanded for consideration of suspension of deportation fails because the notice to appear served on November 9, 1998 placed her in removal proceedings under the permanent rules, rather than deportation proceedings. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 889 n. 3 (9th Cir.2003).

Bran–Delcid's contention that the Nicaraguan Adjustment and Central American Relief Act ("NACARA") favors certain aliens over others and therefore violates equal protection fails because the Act "easily satisfies the rational basis test." *See Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 603 (9th Cir.2002).

Bran–Delcid's contention that the BIA's summary affirmance without an opinion violates due process is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 848–49 (9th Cir.2003).

Bran–Delcid's contention that her due process rights were violated when an incomplete administrative record was filed with this Court fails because the problem was cured and she did not show prejudice. *See Cano–Merida v. INS,* 311 F.3d 960, 965 (9th Cir.2002). We lack jurisdiction to consider any contention that the BIA violated due process when it allegedly relied upon an incomplete record in reviewing Bran–Delcid's appeal, because she did not present this claim to the BIA. *See Liu v. Waters,* 55 F.3d 421, 426 (9th Cir.1995) (requiring administrative exhaustion of due process claims involving procedural errors correctable by the BIA).

We similarly do not have jurisdiction to review Bran–Delcid's contentions that her

case should be remanded for consideration for special rule cancellation under NACARA and for relief under the Convention Against Torture, because she did not seek such relief before either the IJ or the BIA. *See Ortiz v. INS,* 179 F.3d 1148, 1152–53 (9th Cir.1999).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741, 750–51 (9th Cir.2004), Bran–Delcid's motion to stay of removal included a timely request to stay voluntary departure. Because her motion for stay of removal was granted, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**